United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUYEN MAI, TRI NGO,

Plaintiffs,

v.

SAFECO INSURANCE COMPANY OF AMERICA et al.,

Defendants.

Case No. 5:25-cv-09427-SVK

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS WITH LIMITED LEAVE TO AMEND AND DENYING AS MOOT ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 20.

Plaintiffs Quyen Mai and Tri Ngo filed this suit in California state court on September 22, 2025 against Defendants Safeco Insurance Company of America ("SafeCo") and Liberty Mutual Insurance Company ("Liberty"). Plaintiffs assert two causes of action: (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing. Dkt. 1, Ex. D ("Complaint"). Defendants filed a Notice of Removal on October 31, 2025, (Dkt. 1), after which both Defendants filed their Answers, (Dkt 5 (SafeCo); Dkt. 6 (Liberty)). All necessary parties have consented to magistrate judge jurisdiction. Dkt. 13 at 5.[1]

Before the Court is Defendants' motion for judgment on the pleading or, in the alternative, partial summary judgment. Dkt. 20-1 (the "Motion"). Plaintiffs oppose the Motion. Dkt. 21 (the "Opposition" ). The Court determines that the Motion is suitable for resolution without oral argument. Civil L.R. 7-1(b). Having considered the Parties' submissions, the relevant law and the record in this action, the Court **GRANTS** the Motion as specified below.

////

[1] Plaintiffs sue 10 Doe defendants. *See* Compl. Doe defendants are not "parties" for purposes of assessing whether there is complete consent to magistrate judge jurisdiction. *See Williams v. King*, 875 F.3d 500, 502-05 (9th Cir. 2017).

United States District Court
Northern District of California

## I. BACKGROUND

### A. Relevant Factual Background

The following facts are drawn from the Complaint. Plaintiffs, a husband and wife, own the residential property located at 3130 Remington Way, San Jose, California, which is insured under Homeowner's Policy No. 0A04036793. Compl. ¶ 9; Dkt. 20-2 (the "Policy").[2] On April 8, 2025, Plaintiff's home was destroyed by fire, giving rise to Claim No. HD000-059136719-01. Compl. ¶¶ 9-10. The Complaint alleges the following events during the ensuing claims adjustment process:

- April 30, 2025: SafeCo Claim Estimator Adjuster, Samuel Gregory, inspected the property and estimated the loss at $418,231.87. *Id.* ¶ 14.
- May 1, 2025: Mr. Gregory issued (and later reissued upon Plaintiffs' request) a payment in the amount of $418,231.87. *Id.* ¶ 15. Plaintiffs allege that, as of the filing of this action, they had not deposited the payment. *Id.*
- May 15, 2025: Plaintiffs' Public Adjuster, Kip Martin of the Martin Group, began contacting Mr. Gregory by telephone, letter and email requesting a "contractor's estimate." *Id.* ¶¶ 16. Plaintiffs further allege that Mr. Gregory responded in an "antagonistic" and "combative" manner and made "slanderous personal attacks" against Plaintiffs and Mr. Martin. *Id.* ¶ 18.
- June 18, 2025: Plaintiffs' counsel sent a series of letters to SafeCo Claims Specialist, Cristopher Scyphers, requesting the "contractor's estimate," in compliance with Cal. Code Regs. tit. 10, § 2695.9. *E.g., id.* ¶ 17. Plaintiffs allege that no response was received. *Id.* ¶ 29.

Based on these facts, Plaintiffs allege that Mr. Gregory and Mr. Scyphers, acting as

---

[2] While Plaintiffs did not attach the Policy to their complaint, "the court may consider extrinsic documents when 'the plaintiff's claim depends on the contents of a document, the defendant attaches the document … and the parties do not dispute the authenticity of the document." *Filiti v. USAA Cas. Ins. Co.*, No. 06-cv-02694-WBS (DAD), 2007 WL 1795738, at *2 (E.D. Cal. Jun. 20, 2007) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)). Plaintiffs' claim depends on the terms of coverage in the Policy. *See Van Winkle v. Allstate Ins. Co.*, 290 F. Supp. 2d 1158, 1162 n.2 (C.D. Cal. 2003). Plaintiffs have not disputed the document's authenticity. *See* Opposition at 5-6.

Defendants' agents, refused to comply with California Code of Regulations ("CCR") Title 10 § 2695.9. *Id.* ¶ 33. Plaintiffs rely on this alleged regulatory violation as one of several bases for their breach of contract and implied covenant claims. *See id.* ¶¶ 33(a), 37(e); Opposition at 6.

### B. Relevant Procedural History

On May 4, 2026, after filing their Answers, Defendants moved for judgment on the pleadings or, in the alternative, partial summary judgment, raising two arguments. Motion at 2. First, Defendants argue that Liberty is not a party to the Policy and therefore cannot be held liable for either of Plaintiffs' contract-based claims. *Id.* Second, Defendants argue that, at the time Plaintiffs filed the Complaint, SafeCo had no obligation under CCR Title 10 Section 2695.9 to provide a "contractor's estimate" because, among other things, the Plaintiffs had never sent their own written estimate to Defendants. *See* Motion at 6-8. Twelve days after Defendants filed their Motion, on May 16, 2026, Plaintiffs sent their written estimate to SafeCo. Two days later, on May 18, 2026, Plaintiffs filed their Opposition, relying in part on the May 16 transmittal. *See* Opposition at 10. Defendants filed their Reply on May 21, 2026. Dkt. 24.[3]

## II. LEGAL STANDARD

Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Where a defendant brings a Rule 12(c) motion, the motion is "functionally identical" to a motion brought under Rule 12(b)(6) except for its timing. *Pierce v. Air Sys., Inc.*, No. 25-cv-10609-KAW, 2026 WL 1591090, at *2 (N.D. Cal. Jun. 3, 2026) (quoting *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). Thus, judgment on the pleadings for a defendant is appropriate where the complaint lacks a cognizable legal theory or fails to allege sufficient facts to state a plausible claim against the defendant. *See id.* In ruling on a Rule 12(c) motion, the court views the facts alleged in the

[3] "A court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss' in determining whether to grant the Motion." *Verdugo v. City of San Jose*, No. 25-cv-08776-SVK, 2026 WL 825707, at *2 (N.D. Cal. Mar. 23, 2026. However, the Court may "look to proffered facts in an opposition in determining whether to grant leave to amend." *See, e.g.*, *Flickinger v. Castillo*, No. 24-cv-02915-NW (SVK), 2025 WL 3255026, at *5 (N.D. Cal. Aug. 27, 2025), *report and recommendation adopted*, 2026 WL 517973 (N.D. Cal. Feb. 25, 2026). The Court notes the May 16, 2026, transmittal only as it informs the Court's leave-to-amend and leave-to-supplement analysis.

pleadings in the light most favorable to the non-moving party, accepts as true the complaint's factual allegations and treats as false any contradictory allegations in the answer. *Holley v. Gilead Scis., Inc.*, No. 18-cv-06972-JST, No. 4:22-cv-08970-JST, No. 23-cv-01266-JST, 2026 WL 1458542, at *2 (N.D. Cal. May 22, 2026) (citing *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301 n.2 (9th Cir. 1992)).[4]

## III. DISCUSSION

### A. Plaintiffs Have Not Adequately Pleaded Liberty's Liability Under the Policy

Liberty argues that it cannot be held liable for either of Plaintiffs' contract-based claims because it was not a party to the Policy. *See* Motion at 5-6. "Under California law, in order to be liable for breach of contract and breach of implied covenant of good faith and fair dealing, a defendant must have been a consenting party to the contract at issue." *Wright v. Allstate Ins. Co. of Cal.*, No. 15-cv-01020-SI, 2015 WL 1548949, at *2 (N.D. Cal. Apr. 7, 2015) (citation omitted).

#### 1. Liberty Cannot Be Held Directly Liable Under the Policy

As an initial matter, the Complaint does not clearly allege that *Liberty* was a party to the Policy. Plaintiffs describe the Policy as the "*SafeCo* homeowner's policy," (*e.g.,* Compl. ¶ 15) (emphasis added), and allege that they are "the named Insured's under [the Policy] with the above-named defendants and their *underwriting company Safe[C]o*…," (*id.* ¶ 1) (emphasis added). Plaintiffs also allege that both SafeCo and Liberty were "handling the claim," (Compl. ¶ 11) and that both breached the Policy while doing so (*id.* ¶ 26(A)). Read together, these allegations do not clearly indicate whether Plaintiffs contend that Liberty was a party to the Policy or merely participated in the adjustment of the claim.

Moreover, the Policy itself, which is incorporated by reference in the Complaint because Plaintiffs' claims necessarily arise out of it, (*see, supra*, n.2), identifies SafeCo and not Liberty as the insurer. *See* Policy at 20. Liberty is not named in the Policy's declarations and, therefore, on the face of the Policy, is not a party to the contract. *See id.*; *Wright*, 2015 WL 1548949, at *2. The Court therefore concludes that Liberty cannot be held directly liable for breach of contract or

[4] Because the Court grants Defendants' motion for judgment on the pleadings on both grounds, it need not consider their alternative motion for partial summary judgment. *See, infra* § III.

breach of the implied covenant.

**2. Plaintiff's Fail to Adequately Allege Indirect or Alter Ego Liability**

In their Opposition, Plaintiffs advance several alternative theories of liability. *See* Opposition at 9-10. First, Plaintiffs argue that Liberty and SafeCo are "one and the same entity," effectively invoking an alter ego theory of liability. *Id.* at 10. Alternatively, Plaintiffs content that Liberty is vicariously liable for SafeCo's conduct under the doctrine of *respondeat superior*. *Id.*

However, the only allegations in the Complaint supporting these theories are general statements, made upon information and belief, that "each and every defendant … was the agent, servant, employee, partner and/or joint venturer of the other defendants … acting within the course and scope of said agency, service, employment, partnership and joint venture…." Compl. ¶ 6. Courts in this district routinely dismiss claims premised solely on those kinds of conclusory recitations of agency. *See, e.g.*, *Walsh v. Kindred Healthcare*, 798 F. Supp. 2d 1073, 1084 n.5 (N.D. Cal. 2011) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Wright*, 2015 WL 1548949, at *2. Thus, these allegations are insufficient to support Liberty's indirect liability as an agent, employee, alter ego, partner or joint venturer of/with SafeCo.

* * *

On its face, the Complaint fails to plausibly allege either that Liberty was a party to the Policy and therefore directly liable for either contract-based claim, or that Liberty was otherwise indirectly liable as an agent, employee, alter ego, partner or joint venturer. The Court **GRANTS Defendants' Motion for Judgment on the Pleading**s on this ground and **GRANTS partial leave to amend** for the reasons set forth in Section III.C., below.

Because the Court grants judgment on the pleadings, it **DENIES as moot** Defendants' alternative motion for summary judgment.

////

////

////

////

////

United States District Court
Northern District of California

**B. Plaintiffs Have Not Adequately Pleaded SafeCo's Regulatory Violation**

One of the allegations supporting Plaintiffs' breach of contract and breach of implied covenant claims is the allegation that SafeCo violated CCR Title 10 Section 2695.9. Opposition at 6. Specifically, Plaintiffs allege that the statute requires an insurance company to "provide a contractor's estimate or provide a contractor who is willing to rebuild the loss following the insurance building estimate." *See* Compl. ¶ 17 (citing Cal. Code Regs. tit. 10, § 2695.9). Defendants argue that Plaintiffs' allegations fail on their face to state a claim under Section 2695.9. Motion at 2.

The precise language of a "contractor's estimate" does not appear in the regulation; rather, it provides in relevant part:

> … If the claimant subsequently contends, based upon a written estimate *which the claimant obtains*, that necessary repairs will exceed the written estimate prepared by or for the insurer, the insurer shall:
>
> (1) pay the difference between its written estimate and a higher estimate obtained by the claimant; or,
>
> (2) … promptly *provide the claimant with the name of at least one repair individual or entity that will make the repairs for the amount of the written estimate*. …; or,
>
> (3) Reasonably adjust any written estimates prepared by the repair individual or entity of the insured's choice and provide a copy of the adjusted estimate to the claimant. …

Cal. Code Regs. tit. 10, § 2695.9(d) (emphasis added).

As the regulation does not explicitly reference a "contractor's estimate," the Court, like the Defendants (Motion at 7), construes Plaintiffs' Complaint and Opposition to use that phrase in reference to the requirement in Section 2695.9(d)(2) to provide the name of a contractor willing to perform the repair at the insurer's estimated price. *See* Opposition at 3. However, that obligation arises only after the insured obtains their own written estimate. *See id.* § 2695.9(d). Because the Complaint does not allege that Plaintiffs obtained their own written estimate, Plaintiffs' allegations, to the extent they are premised on the alleged regulatory violation, are insufficient at the pleading stage. The Court therefore **GRANTS Defendants' Motion for Judgment on the Pleading**s on this ground, and the Court **denies leave to amend** for the reasons set forth in

Section III.C., below.

Because the Court grants judgment on the pleadings, it **DENIES as moot** Defendants' alternative motion for summary judgment.

**C. The Court Grants Limited Leave to Amend**

The Court next addresses whether leave to amend is appropriate. If judgment on the pleadings is granted, leave to amend should be freely given unless amendment would be futile. *Ulloa v. Securitas Sec. Servs. USA, Inc.*, No. 23-cv-01752-DMR, 2023 WL 5538276, at *3 (N.D. Cal. Aug. 28, 2023). The Court cannot conclude that amendment would be futile with respect to Liberty's liability. By contrast, amendment of the allegations concerning the alleged regulatory violation would be futile because the relevant post-complaint events are properly addressed through supplementation rather than amendment. Accordingly, the Court grants leave to file a motion for leave to supplement under Rule 15(d).

**1. Amendment Regarding Liberty's Liability is Not Futile**

At the outset, because Plaintiffs do not dispute that the Policy attached to Defendants' Motion is authentic, amending to allege that Liberty is directly liable as a party to the contract would be futile. However, Plaintiffs' indirect or alternative theories of liability may yet be viable.

Plaintiffs' Opposition points to statements made by Defendants in the February 10, 2026, Joint Case Management Conference Statement indicating that SafeCo, through various intermediate entities, is a wholly owned subsidiary of Liberty. Opposition at 9-10 (citing Dkt. 13 at 6). Based on this parent-subsidiary relationship, Plaintiffs argue that SafeCo and Liberty are "one and the same entity" and that Liberty may be held liable for SafeCo's conduct. Opposition at 10. A parent-subsidiary relationship, standing alone, is insufficient to establish liability via either alter ego, *respondeat superior* or vicarious liability theories. *See, e.g., Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d. 1104, 1138 (C.D. Cal. 2015) ("100% control of a subsidiary by a parent does not itself make a subsidiary the alter ego of the parent"); *Timlick v. Liberty Mutual Ins. Co.*, No. cv 19-99-M-DLC-KLD, 2020 WL 9778384, at *3 (D. Mont. Feb. 10, 2020) (parent-subsidiary relationship alone does not establish *respondeat superior*); *In re Google Generative AI Copyright Litig.*, 809 F. Supp. 3d 903, 917 (N.D. Cal. 2025) (parent-subsidiary relationship alone does not

establish vicarious liability). However, additional facts regarding the nature of the relationship and the entities' respective involvement in the underlying conduct may support such a theory. *See, e.g.*, *OEM Pac., Inc. v. Liberty Mutual Ins. Co.*, No. cv 17-02143-SJO (AJW), 2018 WL 5099481, at *4 (C.D. Cal. Apr. 30, 2018) (denying Liberty Mutual Insurance Company's motion for summary judgment where it was the parent of West American Insurance Company and additional evidence—including that the claims handler identified himself as a Liberty Mutual employee and that Liberty Mutual branding appeared on policy documents—supported treating the entities as the same for purposes of liability).

Accordingly, although Plaintiffs' current allegations are deficient and further direct liability allegations would be futile, the Court cannot conclude that amendment would be futile as to indirect or alternative theories of liability. The Court therefore **grants leave to amend** on this ground.

### 2. Plaintiffs May Seek Leave to *Supplement*, but May Not *Amend*, Their Allegations Regarding Section 2695.9

As to SafeCo's alleged violation of Section 2695.9, Plaintiffs argue even if their Complaint does not say so, they did "obtain[ a] written estimate concerning the damages at issue." Dkt. 21 at 10. They argue that they served this estimate on SafeCo's counsel on May 16, 2026 and, accordingly, even if the Motion is not moot in this regard, "an amendment would cure any alleged deficiency." *Id.* SafeCo counters that "Section 2695.9(d)([2])'s requirement is not implicated unless and until a claimant's estimate is *received*" by the insurer, and accordingly amendment is improper. Dkt. 24 at 7. The Court agrees that, at a minimum, an insurer must be notified that the claimant has obtained an estimate and of its amount.

Although the Court is aware of no authority on this matter, the text of the regulation supports the reading that a claimant cannot simply "obtain" an estimate but must *provide notice* of it to an insurer. For example, one of the three options available to the insurer under Section 2695.9(d) necessarily requires the insurer to know the amount of the insured's estimate before responding. *See* Cal. Code Regs. tit. 10, § 2695.9(d)(1) (an insurer may "pay the difference between its written estimate and a higher estimate obtained by the claimant."). Moreover, the surrounding context of the regulation supports the same result: Section 2695.9 is part of a group

of regulations, Sections 2695.1–.17, titled " Fair Claims Settlement Practices Regulations" whose purpose is, *inter alia*, "[t]o promote the good faith, prompt, efficient and equitable settlement of claims on a cost effective basis." Cal. Code Regs. tit. 10, § 2695.1. Allowing a claimant to obtain an estimate and withhold it from the insurer would not serve those purposes. Requiring notice in some form, by contrast, advances the goal of promptly and fairly resolving claims.

Plaintiffs seek to amend, but their Opposition demonstrates that amendment would be futile. For example, Mr. Martin declares that he spent a "considerable period of time" communicating with various construction trade persons before ultimately obtaining an estimate from Ridgeline General Construction. Dkt. 23 ¶ 9. Yet Plaintiffs represent that the first time they provided "actual notice of the estimate and its contents" to Defendants was on May 16, 2026. Opposition at 10. Accordingly, Plaintiffs cannot plausibly allege that SafeCo violated Section 2695.9 based on the facts existing *at the time the Complaint was filed*, and no amendment can go back in time to cure that deficiency because the operative condition—notice of the estimate—occurred only after the commencement of this action.

However, that does not necessarily foreclose Plaintiffs from pursuing a claim based on SafeCo's conduct after receiving the estimate. Rule 15(d) permits a court, "[o]n motion and reasonable notice," to allow a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Motions for leave to supplement under Rule 15(d) are evaluated under the same framework governing Rule 15(a) motions for leave to amend, including analysis of the *Foman* factors. *See Moonbug Ent. Ltd. V. BabyBus (Fujian) Network Tech. Co., Ltd.*, No. 21-cv-06536-EMC, 2023 WL 3956212, at *2 (N.D. Cal. May 9, 2023) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Nevertheless, unlike Rule 15(a), Rule 15(d) expressly requires a motion seeking leave to supplement, and Plaintiffs have not filed one. *See* Fed. R. Civ. P 15(d). Moreover, while Defendants correctly anticipated that Rule 15(d), not 15(a), governs the situation at bar and have raised an argument based on futility, their argument was necessarily abbreviated, and Plaintiffs have had no opportunity to respond. Accordingly, the Court declines to permit supplementation at

this time. To the extent Plaintiffs wish to add an alternative claim based on the May 16, 2026 transmittal, Plaintiffs may file a motion seeking leave to supplement their claim with analysis of the relevant *Foman* factors, and Defendants may oppose leave (and address the other *Foman* factors in addition to futility).

* * *

Accordingly, the Court **denies leave to amend** on this ground but **permits Plaintiffs to file a motion seeking leave to supplement their pleadings under Rule 15(d).**

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS Defendants' Motion for Judgment on the Pleading**s. The Court **GRANTS IN PART and DENIES IN PART Plaintiffs' request for leave to amend**:

- The Court **GRANTS leave to amend** Plaintiffs allegations as to Liberty's indirect liability;
- The Court **DENIES leave to amend** Plaintiffs allegations as to SafeCo's violation of Section 2695.9 prior to May 16, 2026; and
- The Court **permits Plaintiffs to file a motion seeking leave to supplement their pleadings** as to alleged regulatory violations post-May 16, 2026.

To the extent Plaintiffs wish to supplement their Complaint, they may file a motion for leave to supplement the complaint, **not to exceed 10 pages**, **no later than July 30, 2026.** Defendants' opposition, **not to exceed 10 pages**, shall be due **no later than 14 days** thereafter, and Plaintiffs' reply, **not to exceed 5 pages**, shall be due no later than **7 days** thereafter.

If no motion for leave to supplement the complaint is filed, Plaintiffs' amended complaint shall be due **no later than August 6, 2026.** Otherwise, the amended and supplemented complaint shall be due **14 days after** the Court's decision on the motion for leave.

The Court vacates all existing discovery and disclosure deadlines. An amended case

////

////

////

United States District Court
Northern District of California

schedule will be set following resolution on the pleadings.

**SO ORDERED.**

Dated: July 16, 2026

SUSAN VAN KEULEN
United States Magistrate Judge